IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SCOOTER LYNN ROBINSON, # L1529**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:17cv807-CWR-FKB**

**PELICIA HALL, JERRY WILLIAMS,
JACQUELYN BANKS, MARSHALL
TURNER, JOHN DOE, CHRISTOPHER
EPPS, and OFFICER LANECASTER**                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Scooter Lynn Robinson is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action under 42 U.S.C. § 1983 challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Christopher Epps is dismissed.

### BACKGROUND

Robinson is housed in the South Mississippi Correctional Institution ("SMCI"). Defendants are current MDOC Commissioner Pelicia Hall, Deputy Commissioner Jerry Williams, SMCI Superintendent Jacquelyn Banks, Warden Marshall Turner, former Commissioner Christopher Epps, and Officer Lanecaster. All are sued in their individual and official capacities, for injunctive relief and damages.

Generally, Robinson claims that he has been denied a mattress, clothes, and recreation and claims retaliation. First, Robinson contends that, since arriving at SMCI on November 28, 2016, he has been denied a mattress and state issued clothing. He claims that he informed Commissioner Hall, Deputy Commissioner Williams, and Superintendent Banks about the denial of a mattress and clothes but still has received none. Robinson also alleges that he filed a grievance concerning

the clothes to Warden Turner, on September 16, 2017, but he denied the grievance. Finally, Robinson contends that after filing this lawsuit, Captain Beasley issued him a mattress, but when Robinson was subsequently transferred from Unit B-2 to Unit C-1, Officer Lanecaster took the mattress from him and would not issue another one. Robinson appears to allege that Lanecaster did so in retaliation for this Complaint.

Finally, Robinson claims that, while housed on Unit B-2, his housing unit was placed on lockdown, beginning March 4, 2017, for forty-five days. A second lockdown occurred in his unit on June 27, through at least September 23. During the lockdowns, he alleges that outside recreation was not given to him. He blames Warden Turner for "implementing a policy . . . that places inmates on lockdown for months at a time." (Compl. at 7). Robinson also alleges that he complained about the lockdowns to Commissioner Hall, Deputy Commissioner Williams, and Superintendent Banks.

All of the above actions are alleged by Robinson to be against MDOC's policies, as approved by former Commissioner Epps.

On October 10, 2017, Robinson filed this Complaint, invoking the First, Eighth, and Fourteenth Amendments. He asserts that the alleged denials of a mattress, clothes, and recreation are cruel and unusual punishments. He also contends that the lockdowns violate Due Process. Finally, he accuses Lanecaster of retaliation. Robinson wants this Court to remove him from lockdown, restore all his privileges, give him a "full set of state issue clothing," provide him a mattress, and award damages. *Id.* at 11.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Robinson to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Robinson sues Epps, under § 1983, for the alleged denials of a mattress, clothing, and recreation. Robinson alleges that Epps was the Commissioner and he approved policies that the other Defendants are not following.

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). Rather, the supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* All that is alleged against Epps is that he is the former Commissioner and he approved policies that his subordinates failed to follow. He is not alleged to have been personally involved in any of the alleged incidents or otherwise deliberately indifferent to the conditions or failures complained of in this case. Despite being given the opportunity to plead more, Robinson fails to state a claim against Epps upon which relief can be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendant Christopher Epps should be, and are hereby, dismissed with prejudice as frivolous and for failure to state a claim against him upon which relief may be granted. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 15th day of February, 2018.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE