IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOOTER LYNN ROBINSON                                                              PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:17-cv-807-FKB

PELICIA HALL, et al.                                                              DEFENDANTS

## **ORDER**

This cause is before the Court on the following motions filed by Plaintiff Scooter Lynn Robinson: Motion for Injunctive Relief [21], Motion for Relief [23], Motion for Demand of Relief [24], Motion to Show Cause for Requested Injunctive Relief [25], and Motion for Injunctive Relief [28].

In his Motion for Injunctive Relief [21] and Motion to Show Cause for Requested Injunctive Relief [25], Robinson asks the Court to order the Mississippi Department of Corrections ("MDOC") to transfer him from the South Mississippi Correctional Institute ("SMCI") to a different facility. [21] at 4. The Court, however, cannot grant the relief sought. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)("A prisoner has no constitutionally protected interest in [being housed at] a particular facility . . . ."). Regardless, MDOC transferred Robinson from SMCI to the Mississippi State Penitentiary on or about July 6, 2018. [28]. As a result, Robinson's Motions for Injunctive Relief [21] and to Show Cause for Requested Injunctive Relief [25] are now moot.

In his Motion for Relief [23], Robinson requests proof that Defendants were served, as he believes they did not timely file an answer to his complaint. In his Motion for Demand of Relief [24], Robinson asks the Court to find that Defendants are in default due to the untimely answer. However, Defendants filed their Answer on April 26, 2018, within 60 days of the Waiver of the Service of Summons, filed March 6, 2018. *Compare* [18] *with* [20]. Accordingly, the Court denies

the Motion for Relief [23] and Motion for Demand of Relief [24]. A copy of Defendants' Answer [20] is being mailed to Robinson along with this Order.

Robinson filed his next Motion for Injunctive Relief [28] after being transferred to the Mississippi State Penitentiary. He first alleges that officials are denying his access to the court system. In support, he contends that they only allow him to keep six inches of legal material in his cell at a time and require that he store the remaining documents with officials at the prison. [28] at 1. He also claims that he requested prison officials allow him to mail a change of address letter to the Court on July 13, 2018, but had not been permitted to do so as of July 24, 2018. *Id.* Neither of these allegations amount to a denial of access to the courts because Robinson has not shown how his position as a litigant has been prejudiced as a result. *See Carrio v. Texas Dep't of Criminal Justice, Institutional Div.,* 196 F. App'x 266, 268 (5th Cir. 2006). Prisons may limit the amount of legal material an inmate is permitted in his cell. *Id.* at 267-68. Moreover, the Court received the Motion for Injunctive Relief [28], dated July 24, 2018, on Monday, July 30, 2018. Such a delay does not constitute a denial of an inmate's access to the court system.

Robinson also asks the Court to order the Mississippi Department of Corrections to hold a new classification hearing for his level of custody. He contends that he was denied due process when he received his current classification. However, an inmate has no constitutionally protected interest in receiving a particular classification. *See Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003)("This circuit has continued to hold . . . that an inmate has no protectable liberty interest in his classification."). Accordingly, Robinson's Motion for Injunctive Relief [28] is denied.

SO ORDERED, this the 4th day of March, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE